UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-07789-CAS(MRWx) | Date | October 15, 2015 |
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND (filed October 7, 2015, dkt. 7)

## I.   INTRODUCTION AND BACKGROUND

On June 8, 2015, plaintiff Wells Fargo Bank N.A. ("Wells Fargo") filed an unlawful detainer action and summons against defendants Lynn Behrens Zimmerman and Clarke Patton Paxton (collectively, "defendants") seeking restitution and possession of the property located as 175 El Sueno Road, Santa Barbara, CA 93110 (the "Property"), damages in the amount of $123.33 per day from May 30, 2015 through the date of entry of judgment, costs of suit, and other and further relief as the Court deems just and proper. Dkt. 1, at 20-25. On September 16, 2015, defendant Zimmerman, appearing *pro se*, filed a notice of removal on the grounds that the complaint raises a federal question and that there was diversity of citizenship. See Case No. 2-15-cv-07268-MWF-(MRW), ECF Dkt. 1 (September 16, 2015 Notice of Removal). In an order dated September 22, 2015, the Honorable Michael W. Fitzgerald remanded the case to the Santa Barbara County Superior Court on the grounds that this Court lacks subject matter jurisdiction over the action, which states a single claim for unlawful detainer. Id., ECF Dkt. 9 (September 22, 2015 Remand Order). Following remand of the action, no answer was filed with the state court, and Default Judgment for Possession was entered on October 1, 2015. Dkt. 8-1 (Default Judgment). A Writ of Possession was issued on this same date. Id.

On October 5, 2015, defendant Zimmerman filed a second notice of removal for the underlying unlawful detainer action. Case No. 2:15-cv-05658-CAS-JPR, Dkt. 1 (Notice of Removal). The second notice of removal is substantively identical to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:15-cv-07789-CAS(MRWx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

defendants' first notice of removal, and again attaches plaintiff's original, unmodified June 8, 2015 complaint. *Compare* Dkt. 1, Case No. 2:15-cv-05658-CAS-JPR (October 5, 2015 Notice of Removal) *with* Dkt. 1, Case No. 2-15-cv-07268-MWF-(MRW) (September 16, 2015 Notice of Removal). Specifically, in their second notice of removal, defendants again state, in language lifted verbatim from their previous notice of removal, that "this case is not founded on the basis of a Federal Defense but rather on the merits of [a] Constitutional issue and . . . 28 U.S.C. Section 1331 (Federal Question), 28 U.S.C. Section 1332 (Diversity) and 28 U.S.C. Section 1333 (Admiralty, Maritime and Prize Cases)." Notice of Removal at 7. Defendants do, however, offer one additional proposed ground for removal in their second notice. Specifically, defendants state the following:

> Furthermore, Judge Donna Geck, the presiding judge in the aforementioned Superior Court of California for the County of Santa Barbara Anacapa Division Case No.: 15CV01403 must be recused as Judge Geck has a conflict of interest proven by the attached California Form 700 Fair Political Practices Commission forms as per Exhibits "A" and "B" hereto. Judge Geck admits that she owns 10% stock in a law firm known as Hagar Dowling, PC. Judge Geck was an attorney at Hargar [*sic*] Dowling, PC from 1995 until her appointment as a judge by Governor Swartzenegger [*sic*] in 2010. Hagar Dowling specializes in foreclosures, unlawful detainers and insurance claims . . . Therefore, Case No.: 15CV01403 MUST BE REMOVED from the court of Judge Geck.

Id. at 2-3.

On October 7, 2015, defendant Wells Fargo filed the instant motion to again remand the case to Superior Court, as well as an *ex parte* application to shorten time for hearing on the motion. Dkts. 7, 8. This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .'" (quoting Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002))). As explained further below, the Court concludes, for the same reasons that Judge Fitzgerald articulated in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'    JS-6

| Case No. | 2:15-cv-07789-CAS(MRWx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

September 22, 2015 remand order, that it lacks subject matter jurisdiction over this unlawful detainer action and must again remand to state court.

## II.    LEGAL STANDARD

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

## III.    DISCUSSION

A "party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. UtiliQuest, LLC., 2014 WL 94337, *2 (N.D. Cal. Jan. 9 2014) (citing St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217 (1883)); see also Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. Contrary to respondent's position, a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. A remand order returns the case to the state courts and the federal court has no power to retrieve it. As the statute makes clear, if the remand order is based on section 1447(c), a district court has no power to correct or vacate it"); Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of Cal., 2012 WL 3638506, *3 (E.D. Cal. Aug. 22, 2012) ("In light of the prohibition against review of a remand order in § 1[4]46(d), once a district court has remanded a case, a defendant generally may not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-07789-CAS(MRWx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

remove the case to federal court a second time." (citing In re La Providencia Dev. Corp., 406 F.2d 251, 252 (1st Cir.1969))).

"Th[e] general prohibition on successive removals, however, does not apply 'when subsequent pleadings or events reveal *a new and different ground* for removal.'" Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014) (quoting Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir.1991) (emphasis in original)). Here, defendants' only new ground for removal is their allegation that the judge in the unlawful detainer action "must be recused" because she "has a conflict of interest" on account of alleged ownership in a law firm that specializes in foreclosures and previously employed the judge. Irrespective of the veracity of defendants's allegations, the potential for recusal or disqualification of the judge does not present a claim arising under federal law. Of course, plaintiffs were not without recourse with respect to their allegations regarding grounds for disqualification, as they could have moved to disqualify the state court judge pursuant to California law. See Cal. Code Civ. P. §§ 170, et seq. (Listing various grounds under which a judge may be disqualified).

Aside from plaintiffs' assertions regarding Judge Geck, no additional new grounds appear to justify defendants' second attempt to remove their unlawful detainer action. As Judge Fitzgerald explained in his earlier order remanding this action, unlawful detainer actions are pure matters of state law and "are strictly within the province of state court." McGee v. Seagraves, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006); see also Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). This Court does not have federal question jurisdiction over an action where a "right or immunity created by the Constitution or laws of the United States" does not constitute an essential element of plaintiff's cause of action. See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citation omitted); McGee, 2006 WL 2014142, at *2 (holding that a federal court lacks jurisdiction over unlawful detainer actions). Furthermore, even if defendants were to assert counterclaims against plaintiff, defendants cannot create federal subject matter jurisdiction by attempting to raise a defense under any federal law or the United States Constitution. See Anderson, 539 U.S. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:15-cv-07789-CAS(MRWx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

In addition, diversity jurisdiction is also lacking, as the amount in controversy does not exceed $75,000. See 28 U.S.C. § 1332. Defendants allege that the amount in controversy requirement is met because "the real amount in controversy in this matter is the sum of One Million Three Hundred Fifty Thousand Dollars," which appears to be defendants' estimate of the value of the Property. However, "[i]n unlawful detainer actions, the title to the property is not involved—only the right to possession." Skyline Vista Equitites, LLC v. Henderson, 2011 WL 5122616, at *2 (C.D. Cal. Oct. 25, 2011) (citing Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977)). The complaint indicates (1) that plaintiff Wells Fargo seeks possession and damages in the amount of $123.33 for each day that defendants continue to possess the Property; and (2) that the amount of damages sought "does not exceed $10,000." Dkt. 20, 22. "[G]iven that the value of the property is not the amount in controversy," defendants have failed to show that this action meets the minimum jurisdictional award. Skyline Vista, 2011 WL 5122616, at *2. Accordingly, this Court continues to lack subject matter jurisdiction, and must again remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Finally, the Court notes that "absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." Fed. Home Loan Mortgage Corp. v. Pulido, 2012 WL 5199441, *2 (N.D. Cal. Oct. 20, 2012) (citing Benson v. SI Handling Systems, Inc., 188 F.3d 780, 783 (7th Cir.1999) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries" (internal citation omitted))). Although plaintiff has not sought sanctions under Rule 11, the Court nonetheless has the power to initiate Rule 11 proceedings on its own initiative. See Fed. R. Civ. P. 11(c)(3). Accordingly, any future attempt to remove this action without good cause may result in monetary sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'   JS-6

| Case No. | 2:15-cv-07789-CAS(MRWx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

### IV. CONCLUSION

In accordance with the foregoing, this case is hereby **REMANDED** to the Santa Barbara County Superior Court. Plaintiff's pending motion to remand and *ex parte* application to shorten time for hearing are hereby **DENIED AS MOOT**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |